United States District Court
Southern District of Texas
FILED

FEB 1 8 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FERNANDO TAPIA-SANTOY, )
)
v. ) C.A. No. B-03-039
)
AARON CABRERA, ACTING DIRECTOR )
   INS HLG/DO, and )
JOHN ASHCROFT, ATTORNEY )
   GENERAL OF THE UNITED STATES. )
_____ )

### PETITION FOR WRIT OF HABEAS CORPUS

Fernando Tapia-Santoy, ("Mr. Tapia"), through the undersigned, files the instant Petition for Writ of Habeas Corpus, in accordance with 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

#### I. JURISDICTION AND VENUE

1. Petitioner Tapia is under a final order of removal, (Exhibit A, incorporated by reference), which order places significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236, 240 (1963).

2. Respondent Cabrera maintains offices, and Petitioner's removal proceedings were conducted in Harlingen, Texas. Petitioner resides in Brownsville, Texas, all within the jurisdiction of this Court.

#### II. THE PARTIES

3. Petitioner Tapia has resided in the U.S. as a lawful permanent resident, ("LPR"), since 1983. He has one LPR, and four USC, children. His mother and siblings are also USCs and LPRs.

4. Respondent Aaron Cabrera is the Acting Director of Detention and Removal of the Harlingen, Texas, office of the Immigration and Naturalization Service. He is sued in his official capacity only.

5. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

### III. THE FACTS

6. On August 9, 2000, pursuant to a previously negotiated plea bargain, Mr. Tapia pled guilty to simple possession of marijuana, in exchange for a grant of deferred adjudication, pursuant to art. 42.12, sec. 5(a) Texas Code of Criminal Proc.

7. Under the policy exception articulated in *Matter of Manrique,* 21 I&N Dec. 58 (BIA 1995), based on an analogy to the Federal First Offender Act, ("FFOA"), 18 U.S.C. §3607, this would not have caused him to be deportable.[1] Furthermore, at that time, simple possession of marijuana was not considered to be an aggravated felony, so that even if he were deportable, he would have been eligible for cancellation of removal under 8 U.S.C. §1229b(a). *See, Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995). *See also, Matter of K-V-D-,* 22 I&N Dec. 1163 (BIA 1999). He was thereafter placed in removal proceedings, and notwithstanding binding BIA precedent, he was charged with deportability for having been convicted both of a controlled substance offense, and of an aggravated felony.

8. During his hearing, Mr. Tapia requested cancellation of removal, and on January 26, 2001, the Immigration Judge made a finding that he was eligible for this relief. On March 27, 2001, Petitioner filed a fee-paid application for relief, and a hearing on the merits of the application was scheduled for May 29, 2001. However, on that date, the Judge pretermitted his application, on the basis of *U.S. v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir. 2001), which in strongly worded *dicta* disapproved of *K-V-D-*. Mr. Tapia appealed.

---

[1] *Matter of Roldan,* 22 I&N Dec. 512 (BIA 1999), which had held that *Manrique* was superceded by §1101(a)(48)(A). was disapproved in *Lujan-Armendariz v. INS v. INS,* 222 F.3d 728 (9th Cir. 2000), on the grounds that it deprives immigrants such as Mr. Tapia of Equal Protection, since, under the FFOA, they would not be considered "convicted" if they had received equivalent rehabilitative treatment in federal, rather than state, court.

2

9. While his appeal was pending, there were several significant developments in the law. On February 8, 2002, the Third Circuit held, in *Gerbier v. Holmes*, 280 F.3d 297 (3rd Cir. 2002), that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes. And on February 14, 2002, the BIA issued *Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002), declining to follow *Lujan-Armendariz* outside the Ninth Circuit, and holding that, in light of *Hernandez-Avalos*, it would not apply *K-V-D-* in this Circuit. Under *Salazar*, Mr. Tapia is ineligible for any relief, and if removed, will be permanently separated from his family in the U.S.. Finally, in *Matter of Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002), the BIA specified that whether state drug conviction was an aggravated felony would be decided by reference to the decision of court of appeals for the jurisdiction in which the case arose. And although the pertinent language in *Hernandez-Avalos* was, indeed, *dicta*, the BIA follows this conclusion for cases arising within this Circuit.

10. On January 10, 2003 the BIA summarily affirmed the Immigration Judge's decision. And on January 28, 2003, INS issued a "Bag and Baggage" letter, ordering Mr. Tapia to report for deportation on February 28, 2003. Petitioner's Exhibit B, incorporated herein.

11. On information and belief, it is alleged that a number of otherwise similarly situated LPRs, (LPRs granted deferred adjudication for an offense involving simple possession of a controlled substance), whose cases were finally adjudicated before *Hernandez-Avalos*, were granted said relief by Respondents.

12. Otherwise similarly situated LPRs whose cases arose within the Ninth Circuit are not considered to be subject to removal, and those whose cases arose in either the Second or Third Circuits,

continue to be eligible for relief from removal, in the form of cancellation of removal, 8 U.S.C. §1229b(a). *See, Gerbier v. Holmes, supra,* and *U.S. v. Pornes-Garcia,* 171 F.3d 142 (2nd Cir. 1999) (statutory phrases may have different meanings for Sentencing Guidelines purposes and for immigration purposes, and, for immigration purposes, simple possession of a controlled substance is not an aggravated felony).

13. Given his lengthy residence in the United States, commencing at an early age, his strong family ties, employment history, and otherwise clean record, it is highly likely that, had the BIA adjudicated his appeal on the merits, it would have been granted, and proceedings terminated.

## V. THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1. STATUTORY CONSTRUCTION
### a. AGGRAVATED FELONY

Mr. Tapia first urges that the BIA erred as a matter of law in concluding that *Avalos-Hernandez, supra,* controls the issue of whether deferred adjudication disposition constitutes an aggravated felony. The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it herein. To the contrary, Mr. Tapia asserts that *K-V-D-* was correctly decided, and that the BIA erred in not applying said decision herein.

### b. *MATTER OF ROLDAN, SUPRA.*

Mr. Tapia also urges that, as a question of law, *Matter of Roldan,*

*supra*, was incorrectly decided, and that new §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra*. *See*, Dissenting Opinion by Board Member Lory Rosenberg in *Matter of Salazar*, 23 I&N Dec. at 237-251. *See also*, Dissenting Opinion of Board Member Anthony Moscato, at 251-252.

### 2. EQUAL PROTECTION
#### a. FEDERAL FIRST OFFENDER ACT

Mr. Tapia next asserts that, for the reasons set forth in *Lujan-Armendariz, supra*, it violates Equal Protection for a determination of whether a given disposition of criminal charges for simple possession of a controlled substance renders an immigrant subject to deportation to be based solely on whether the immigrant was prosecuted in state, or federal, court.

#### b. DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Mr. Tapia also asserts that, given the national character of immigration law, it violates Equal Protection for the result of hiscase to depend solely on the federal jurisdiction in which it arose, such that, had he been placed in removal proceedings within the Ninth, rather than the Fifth Circuit, he would not be subject to removal at all, and that, had he been placed in such proceedings in the Second or Third Circuit, he would have been held to qualify for cancellation of removal, which relief, he urges, he would have earned in the exercise of discretion.

#### c. DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS

If his application for cancellation of removal had been finally adjudicated prior to May 11, 2001, (when *Hernandez-Avalos* was issued), Mr. Tapia would have been subject to removal but eligible for cancellation of removal, but would most probably have been granted that relief. It violates Equal Protection for the difference between remaining as an LPR, and being removed, and

permanently barred, to be based solely on the timing of the proceedings. *See, Logan v. Zimmerman Brush*, 455 U.S. 422 (1982) (finding Due Process, and, per concurring opinion, Equal Protection, violations where statute terminated claims not receiving timely hearings).

### 3. SUBSTANTIVE DUE PROCESS

As a permanent resident, Mr. Tapia has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board Member Rosenberg, *Salazar-Regino, supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland,* 431 U.S. 494,499 (1977), and *Stanley v. Illinois,* 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Mr. Tapia enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

The combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies" is an unconstitutional

6

"conclusive presumption" that all LPRs convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4. PROCEDURAL DUE PROCESS

The Board's decision deprives Mr. Tapia of Procedural Due Process, as seen by Supreme Court cases involving "fair notice." To apply *Hernandez-Avalos* to Mr. Tapia retroactively converts a disposition which, at the time he negotiated his plea bargain, permitted him to seek discretionary relief into one which mandates deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid.* (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof. This occurs even though, under state law, there is no conviction, and never will be one, if the Petitioner successfully completes his probation.

Therefore, §1101(a)(48)(A) retroactively makes qualitative changes

7

in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker,* 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment, is involved. As the Supreme Court recently held in *BMW of North America v. Gore,* 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22
>
> FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due

process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties*.

For a lawful permanent resident such as Mr. Tapia, there can be no question but that deportation is a "civil penalt[y]" imposed as a result of his criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia, supra,* and because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra.* And, as in *BNW of North America v. Gore, supra,* it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [2]

### 5. INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Mr. Tapia urges that the instant order violates international law, and treaty obligations between the United States and Mexico, his country of origin.

---

[2] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge,* 341 U.S. 223,231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

Respectfully Submitted,


Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
February 17, 2003

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with exhibit, was personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy, Harlingen, Texas, this 18th day of February, 2003.

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FERNANDO TAPIA-SANTOY, | ) |
| | ) |
| v. | ) C.A. B- **B-03-039** |
| | ) |
| AARON CABRERA, ACTING DIRECTOR INS HLG/DO, and | ) |
| JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES. | ) |

**EXHIBIT "A" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A24-847-810 - Harlingen  Date: JAN 1 0 2003

In re: TAPIA-SANTOY, FERNANDO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pena, L. Aron

ON BEHALF OF SERVICE: Cheri Jones, ADC

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 3.1(e)(4).

_____  
FOR THE BOARD

```
                    UNITED STATES DEPARTMENT OF JUSTICE
                   EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                       UNITED STATES IMMIGRATION COURT
                              Harlingen, Texas
```

File No.:  A 24 847 810                                July 27, 2001

In the Matter of              )
                              )
FERNANDO TAPIA-SANTOY         )     IN REMOVAL PROCEEDINGS
                              )
          Respondent          )

CHARGES:        Section 237(a)(2)(A)(i) of the Immigration and
                Nationality Act, as amended - in that any time
                after admission you have been convicted of an
                aggravated felony as defined in Section
                101(a)(43)(B) of the Act, an offense relating to
                illicit trafficking in a controlled substance as
                described in Section 102 of the Controlled
                Substances Act and for the above trafficking crime
                as defined in Section 924(c) of Title 18 United
                States Code.

                Section 237(a)(2)(B) of the Immigration and
                Nationality Act, as amended - in that at any time
                after admission you have been convicted of a
                violation of or a conspiracy or attempt to violate
                any law or regulation of a state within the United
                States or a foreign country relating to a
                controlled substance, as defined in Section 102 of
                the Controlled Substance Act 21 U.S. 802, other
                than a single offense involving possession of one
                ounce or use of three grams or less of marijuana.

APPLICATIONS:   Cancellation of removal for certain permanent
                residents pursuant to Section 240A(a) of the
                Immigration and Nationality Act, as amended.

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

L. Aaron Penea, Esquire             Tom Bernstein, Esquire


                  ORAL DECISION OF THE IMMIGRATION JUDGE

     The respondent is a male native and citizen of Mexico.  The

                                    1

respondent was admitted to the United States as an immigrant on or about September 7, 1983. The Immigration and Naturalization Service (hereafter the Service) issued a Notice to Appear (hereafter NTA) dated August 10, 2000 in the name of the respondent. The NTA is marked as Exhibit No. 1.

In the NTA the Service alleges that the respondent is removable on the charges set forth above.

During the proceedings the respondent appeared with counsel, admitted the truth of the factual allegations in the Notice to Appear, and concede removability pursuant to Section 237(a)(2)(B)(i) of the Act. The Court denied removability for Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act as having been convicted of an aggravated felony.

The evidence presented does establish that the respondent was convicted in the 79th District Court of Brooks County for the offense of possession of marijuana, to wit: marijuana. See Exhibit No. 2.

The respondent was given deferred adjudication on August 9, 2000. The respondent was sentenced to five years deferred adjudication. Again, see Exhibit No. 2.

Upon the basis of the respondent's admissions and his concession of removability and the documentary evidence of record, I conclude that removability has been established by evidence that is clear and convincing, both as to 237(a)(2)(B)(i) of the Act and 237(a)(2)(A)(iii) of the Act, as the respondent

A 24 847 810          2          July 27, 2001

had been convicted of both an aggravated felony and possession of marijuana.

During the course of the proceedings the respondent designated Mexico as the country of removal in the event removal to be ordered. The respondent then requested relief in the form of cancellation of removal.

The respondent has submitted an application for cancellation of removal under the provisions of Section 240A(a) of the Act. See Exhibit No. 3.

Cancellation of removal provides that aliens lawfully entered or permanent residents for no less than five years and who have resided in the United States continuously for seven years after having been admitted for any status and have not been convicted of an aggravated felony may have their removal cancelled.

An applicant for cancellation must establish that he is statutorily eligible for the relief sought and that the favorable exercise of discretion is warranted. The respondent must establish that he was in the status of one lawfully admitted or permanent resident for not less than five years and that he has resided in the United States for seven years after being given any status and that he has not been convicted of an aggravated felony.

Based on the documentary evidence presented and the admissions the Court finds the respondent has established that he

A 24 847 810     3     July 27, 2001

is lawfully admitted permanent resident for no less than five years and that he has resided in the United States for seven years after having been admitted any status. The issue for the respondent having been convicted of an aggravated felony. In a recent decision by the Fifth Circuit in <u>United States v. Hernandez-Avalos</u>, 251 F3.d 505 (5th Cir. 2001), the Fifth Circuit held in effect someone like the respondent is considered an aggravated felon and has been convicted of an aggravated felony. The Board has also held that deferred adjudication is a conviction for immigration purposes, which is what the respondent has been convicted of. And again, in the recent decision of <u>Hernandez-Avalos</u>, the Fifth Circuit has held that somebody convicted of possession of marijuana in the State of Texas is considered an aggravated felon. As such, the Court finds the respondent cannot establish that he had not been convicted of an aggravated felony. In fact, the Court finds the respondent had been convicted of an aggravated felon and as such the Court finds the respondent is not eligible to apply for cancellation of removal. The respondent having been convicted of an aggravated felony is not eligible for any other form of relief and as such the Court enters the following orders.

### ORDER

IT IS ORDERED the respondent is removable under Section 237(a)(2)(B)(i) of the Act and Section 237(a)(2)(A)(iii) as having been convicted of an aggravated felony.

A 24 847 810                    4                    July 27, 2001

IT IS FURTHER ORDERED that the respondent's application for cancellation of removal is hereby denied.

IT IS HEREBY ORDERED that the respondent is ordered deported to Mexico on the charges contained in the Notice to Appear.

_____
ELEAZAR TOVAR
Immigration Judge

A 24 847 810                                5                          July 27, 2001

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO TAPIA-SANTOY, | ) | |
| | ) | |
| v. | ) | C.A. B- **B-03-039** |
| | ) | |
| AARON CABRERA, ACTING DIRECTOR | ) | |
| INS HLG/DO, and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES. | ) | |
| _____ | ) | |

EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
2102 Teege Avenue
Harlingen, Texas 78550

File No.: A24 847 810
Date:     January 28, 2003

Fernando TAPIA-Santoy
Route 2, Box 37-T Col. Atan
Mission, TX 78572

As you know, following a hearing in your case you were found deportable and an Immigration Judge has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ **Mexico** _____
(COUNTRY)

on ___**February 28, 2003**___ from ___**Brownsville, Texas**___ on the
(DATE)                           (PORT OF DEPARTURE)

___**Vehicle Transportation**___.
(NAME OF VESSEL, AIRLINE, OR OTHER TRANSPORTATION)

You should report to a United States Immigration Officer at Room ___**Removals (D&R)**___
(NO.)

___**2102 Teege Avenue; Harlingen, Texas 78550**___
(ADDRESS)

at ___**10:00A.M. February 28, 2003**___ completely ready for deportation. At the time
(HOUR AND DATE)

of your departure from ___**Los Fresnos, TX**___ you will be limited to __20__ lbs. of baggage.
(PLACE OF SURRENDER)

Should you have personal effects in excess of this amount you must immediately contact

___**Mr. Robert Guadian, Jr.**___ at ___**(956) 427-8692**___ or come in person at the address noted
(NAME OF OFFICER)        (PHONE NO. AND EXT.)

above, and an appropriate disposition of your excess baggage will be discussed with you.

Certified Mail # 7160 3901 9844 2174 4181

Very truly yours,

Aaron L. Cabrera
Acting Director

FORM I-166
(REV. 04/01/69)
cc: L. Aron Pena
    600 South Closner
    Edinburg, TX 78539