UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 0 2003

Michael N. Milby
Clerk of Court

FERNANDO TAPIA-SANTOY            )
                                 )
v.                               )    C.A.  B-03-039
                                 )
AARON CABRERA, et al.            )
_____)

**PETITIONER'S OPPOSITION TO RESPONDENTS' REQUEST FOR PUBLICATION**

Petitioner in the above-captioned case hereby opposes "Respondents' Request for Publication" of the Court's decision, dated September 30, 2003, in the *Salazar-Regino* series, CA B-02-045 *et al*, denying their Petitions for Writ of Habeas Corpus.

In requesting publication, Respondents claim that it would be "advantageous," because "[t]here are several cases pending in this District dealing with one or several of these issues." In six of the nine cases listed, including the case at bar, the Petitioner is represented by the undersigned. One of those cases, *Alma Rita Malagon de Fuentes v. Cabrera,* M-02-540, has very little in common with the *Salazar* series, except in the most broad terms. [1] In the remaining five cases represented by the undersigned, including the instant case, the parties agreed that the case would be held in

---

[1] It involves a conviction for welfare fraud, which would not have subjected her to removal if she had not left the U.S.. Her primary claim is that it violates Equal Protection, and is inconsistent with the constitutional bases of *Rosenberg v. Fleuti,* 374 U.S. 449 (1963), to subject her to the consequences of being an "arriving alien," under 8 U.S.C. §1101(a)(13)(v), *i.e.,* inadmissible for a having been convicted of a crime involving moral turpitude, and ineligible for any form of relief, because she took food and medicine to her parents in Mexico, ahead of Hurricane Brett. *See, Frances v. INS,* 532 F.2d 268 (2nd Cir. 1976) (finding an Equal Protection violation where the statute afforded relief to LPRs who had departed the U.S. after becoming inadmissible, but denying it to those who had made no such departure).

abeyance, pending *final* resolution of the *Salazar* series. [2] At the time said agreement was reached, it was explicitly agreed that it applied to any appeals taken from the *Salazar* series, regardless of which side prevailed. [3] The undersigned has reason to believe that similar agreements were reached with counsel in the other cases. [4]

Respondents' request violates the spirit, if not the letter, of these agreements. They should not be permitted to circumvent their agreements by asking this Court to publish its decision in the *Salazar* series, and apply it herein. A timely appeal was filed in the *Salazar* series, and is currently pending before the Fifth Circuit. Whatever result is reached in that series will apply to the trailing cases, including the case at bar. There is no need to create unnecessary additional work for this Court, counsel, and the Fifth Circuit, by forcing those cases to go forward at this point.

Further, as an ethical matter, the Government should be held to the agreements it makes, and should not be allowed to use this Honorable Court as an instrument to circumvent those agreements.

---

[2] *Tapia-Santoy v. Cabrera*, CA B-03-039; *Puga de Vasquez v. Tutak*, CA B-03-050; *Martinez-Montes v. Cabrera*, B-03-133; *Moreno-Ramos v. Winfrey*, CA B-03-137 & *Garza-Arizpe v. Cabrera*, B-03-037.

[3] A similar agreement was reached in the series involving the retroactive application of the amendments repealing §212(c). The parties designated *Cantu-Salinas et al v. Trominski,* C.A. B-97-183, Honorable Filemon B. Vela, presiding, as the lead case in this series, and agreed that the conclusions reached by this Court therein on the jurisdictional issues, and applicability of AEDPA §440(d), would extend to all the cases in the series. In that case as well, the Government later attempted to renege on the agreement, forcing the "trailing cases" to file applications for emergency relief. *See, e.g., Arechiga-Hernandez v. Trominski,*CA B-99-040.

[4] Notably, *Malagon de Fuentes* is going forward. A hearing is scheduled before the United States Magistrate for November 25, 2003, on Respondents' motion to dismiss in that case.

Respectfully Submitted,

Lisa S. Brodyaga,
17891 Landrum Park Rd
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was mailed first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on October 10, 2003.